UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JEREMY DAVID OLUMA,<br><br>Plaintiff,<br><br>v.<br><br>MAITE LLADIRA OLUMA, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00114<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Jeremy Oluma filed this action without an attorney.[1] The court temporarily granted Mr. Oluma's motion to proceed without paying the filing fee and stayed the case for screening.[2] Because Mr. Oluma fails to state a claim under 42 U.S.C. § 1983 and fails allege any other claim over which this court has subject-matter jurisdiction, he is permitted to file an amended complaint by October 30, 2025. The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Proceed In Forma Pauperis, Doc. No. 2.)

[2] (*See* Order Granting Mot. to Proceed In Forma Pauperis and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 15.)

[3] (Doc. No. 2.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, it must dismiss the case if it concludes the complaint "fails to state a claim on which relief may be granted."[4] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But the court need not accept a plaintiff's conclusory allegations as true.[8] "[A] plaintiff must offer specific factual allegations to support each claim."[9] This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[10]

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

Because Mr. Oluma proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While courts must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[14] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## MR. OLUMA'S COMPLAINT

This case relates to a child-custody dispute in Texas. Mr. Oluma brings this action against Maite Oluma-Cervantes (his former wife), the State of Texas, a Texas state court and judge, and several municipal defendants.[16] He alleges that, on August

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[16] (Compl. 1, Doc. No. 1.) Specifically, Mr. Oluma names the 387th District Court in Fort Bend, Texas, (referred to here as the Texas court) and Judge Richard Bell, who apparently presided over the divorce and custody proceedings. The municipal

16, 2022, a Utah state court decided Texas retained exclusive jurisdiction over the custody dispute and confirmed Mr. Oluma's primary custody over the child.[17] On August 29, 2022, however, the Texas court issued "contrary custody orders" without a fitness hearing, giving Ms. Oluma-Cervantes custody.[18] Mr. Oluma alleges "Defendants enforced these Texas orders" over the next two years.[19] During that time, Mr. Oluma reported child abuse to Texas's family and protective services. Despite a forensic interview and investigation, "Defendants removed the child from [his] custody."[20] According to Mr. Oluma, "law enforcement" again "forcibly removed the child from [his]

---

defendants Mr. Oluma names include the Fort Bend County Prosecutor's Office and Sheriff's Department, the Fulshear Texas Police Department, as well as the Utah County Prosecutor's Office, Utah Child Protective Services, and the Orem Police Department. In the body of the complaint, Mr. Oluma identifies himself and Ms. Oluma-Cervantes as parties to the complaint and the other individuals and entities as "interested parties." (*Id.* at 1–2.) Yet he includes those individuals and entities as defendants in the caption. The court assumes Mr. Oluma intended to name each defendant listed in the caption and analyzes the complaint's sufficiency accordingly.

[17] (*Id.* at 4.) A copy of this ruling, referred to here as the "Utah custody order," is not attached to the complaint. However, Mr. Oluma attached what appears to be the temporary Utah custody order to his motion for declaratory judgment. (Mot. for Declaratory Judgment, Doc. No. 7 at 11, 23–24.)

[18] (Compl. 4, Doc. No. 1.) Mr. Oluma refers to these orders and subsequent Texas custody orders as the "Texas orders" or the "void" orders. Notably, in a separate filing on the docket, Mr. Oluma provides what appears to be a transcript from a "temporary orders hearing" on August 29, 2022, before Judge Bell in Texas's 387th District Court, the Texas court. (Mot. for Declaratory Judgment, Doc. No. 7 at 11, 25–33.) Presumably, these are the August 2022 Texas orders at issue in the complaint.

[19] (Compl. 4, Doc. No. 1.) Mr. Oluma often refers to "Defendants" generally throughout the complaint, making it difficult to discern which specific defendant or defendants he alleges took specific actions.

[20] (*Id.* at 4–5.)

home without a warrant" in March 2024.[21]  According to the complaint, "Texas and Utah prosecutors have pursued criminal charges against [him] based on the Texas void orders."[22]

Mr. Oluma claims federal question jurisdiction exists under the Parental Kidnapping Prevention Act (PKPA),[23] the Fourteenth Amendment of the United States Constitution, the Civil Rights Act,[24] and the Declaratory Judgment Act.[25]  In describing the nature of his federal claims, Mr. Oluma generally alleges the Texas orders "violate federal law," "were issued without jurisdiction and constitutional protections," state actors enforced the "void orders violating constitutional rights," and "criminal charges stem from these void orders."[26]  Elsewhere in the complaint, he describes his federal claims as: "violations of federal law under the PKPA; constitutional violations under color of state law; [and] enforcement of void orders contrary to federal law."[27]

Mr. Oluma further asserts this "action is within federal jurisdiction because it does not seek a child custody determination or modification" and instead "challenges the

---

[21] (*Id.* at 5.)

[22] (*Id.*)  Mr. Oluma alleges Ms. Oluma-Cervantes "retained" the child in Orem, Utah, where Utah police enforced the "void Texas orders," the county initiated criminal proceedings, and "constitutional violations occurred."  (*Id.* at 3–4.)

[23] (*Id.* at 3 (citing 28 U.S.C. § 1738A).)

[24] (*Id.* (citing 42 U.S.C. § 1983).)

[25] (*Id.* (citing 28 U.S.C. §§ 2201–02).)

[26] (*Id.*)

[27] (*Id.* at 5.)

enforcement of void orders," "constitutional violations," and "custody determinations."[28] He seeks the following relief: a declaration that "the August 29, 2022 Texas custody orders and subsequent custody orders are void"; an injunction "against enforcement of the void orders"; "dismissal of criminal charges"; restoration of his custody under the Utah custody order; and damages for "constitutional violations."[29]

## ANALYSIS

The complaint has several deficiencies. The PKPA does not provide a private right of action in federal court, the court lacks jurisdiction under the domestic relations exception and the *Younger*[30] abstention doctrine, and under the allegations as they currently stand, Defendants are not subject to liability under § 1983. For these reasons, the complaint is subject to dismissal.

A. <u>Failure to State a PKPA Claim</u>

First, Mr. Oluma fails to state a claim under the PKPA. The PKPA requires states to afford full faith and credit to other states' child custody determinations, so long as they comply with the act's provisions.[31] But the statute does not authorize a private

---

[28] (*Id.* at 4.)

[29] (*Id.* at 5–6.)

[30] *Younger v. Harris*, 401 U.S. 37 (1971).

[31] *See Thompson v. Thompson*, 484 U.S. 174, 175–76 (1988) (discussing 28 U.S.C. § 1738A). Section 1738A(b)(3) defines a child custody determination as "a judgment, decree or other order of a court providing for the custody or visitation of a child, . . . includ[ing] permanent and temporary orders, and initial orders and modifications." 28 U.S.C. § 1738A(b)(3).

suit to enforce its provisions—it "does not create a private right of action in federal court to determine the validity of two conflicting custody decrees."[32] Mr. Oluma seeks exactly that. He generally claims Defendants violated the PKPA and asks the court to declare the Texas custody orders (and all subsequent custody orders) void, to enjoin their enforcement, and to restore the Utah order granting him primary custody. Accordingly, Mr. Oluma's claim under the PKPA is subject to dismissal for failure to state a claim upon which relief may be granted.[33]

B. Lack of Jurisdiction

Second, this court lacks jurisdiction over the complaint. The domestic relations exception bars federal jurisdiction, as Mr. Oluma seeks to overrule state custody orders and to obtain a custody decree from this court. Similarly, *Younger v. Harris*[34] prohibits exercising federal jurisdiction over Mr. Oluma's claims, as they challenge ongoing child-custody and criminal proceedings in state court. For these reasons, the complaint is subject to dismissal for lack of federal jurisdiction.

1. Domestic Relations Exception to Federal Jurisdiction

The domestic relations exception to federal jurisdiction bars Mr. Oluma's claims in federal court. Federal courts lack jurisdiction if "called upon to decide those issues

---

[32] *Thompson*, 484 U.S. at 178–79.

[33] *See id.* (affirming dismissal for failure to state a claim upon which relief may be granted where the plaintiff invoked PKPA and asked the federal court to enjoin the enforcement of a Louisiana custody decree and declare it invalid, and to declare a California decree valid).

[34] 401 U.S. 37 (1971).

regularly decided in state court domestic relations actions."[35] For instance, a federal court cannot "issue divorce, alimony, and child custody decrees."[36] Nor can it "'reopen, reissue, correct, or modify' an order in a domestic relations case."[37]

This is exactly what Mr. Oluma asks for here. He asserts this action "does not seek a child custody determination or modification" and instead challenges "the enforcement of void orders," "constitutional violations," and "custody determinations."[38] But Mr. Oluma specifically requests an order declaring the Texas custody orders void, enjoining their enforcement, and restoring the Utah custody order. This would require modifying or overturning the Texas court's custody orders and entering a custody decree—actions this court has no power to take.[39] Likewise, addressing Mr. Oluma's claims that state actors violated the Constitution by enforcing void orders and criminally

---

[35] *Alfaro v. Arapahoe Cnty.*, 766 F. App'x 657, 660 (10th Cir. 2019) (unpublished) (internal alterations omitted) (citing *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989)).

[36] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

[37] *Alfaro*, 766 F. App'x at 659 (quoting *Leathers v. Leathers*, 856 F.3d 792, 756 (10th Cir. 2017)); *cf. Leathers*, 856 F.3d at 756 (holding the exception did not preclude a federal district court from enforcing a divorce decree according to its terms and awarding the ex-wife mineral rights in property).

[38] (Compl. 4, Doc. No. 1.)

[39] *See Alfaro*, 766 F. App'x at 660 (10th Cir. 2019) (holding the domestic-relations exception applied where the plaintiff asked the federal court to "scrutinize" the "legal merits" of "each order" in the state court divorce and child-custody proceedings); *see also Wiland v. Stitt*, No. 24-5116, 2025 U.S. App. LEXIS 2332, at *1 (10th Cir. Feb. 3, 2025) (unpublished) ("Federal courts lack jurisdiction over domestic-relations matters, such as Plaintiff's request to restore custody of her children." (citing *Ankenbrandt*, 504 U.S. at 703; *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000))).

prosecuting him[40] would first require finding the Texas custody orders void.[41] Accordingly, the domestic relations exception to federal jurisdiction applies to Mr. Oluma's claims.

    2. *Younger Abstention*

The Younger abstention doctrine also bars federal jurisdiction because Mr. Oluma's claims challenge ongoing state court proceedings. Under *Younger*, federal courts must abstain from hearing a case where "state judicial proceedings are ongoing," the "state proceedings implicate an important state interest," and "the state proceedings offer an adequate opportunity to litigate federal constitutional issues."[42] But *Younger* abstention only applies to "three 'exceptional' categories of state proceedings"—(i) state criminal prosecutions; (ii) certain "civil enforcement proceedings;" and (iii) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts'

---

[40] (Compl. 3, Doc. No. 1.) Without any explanation or detail, Mr. Oluma invokes the Fourteenth Amendment and Civil Rights Act and alleges "state actors enforced void orders violating constitutional rights." (*Id.* at 4.) He also seeks dismissal of pending criminal charges, which he alleges stem from the void orders. (*Id.* at 3, 5.) From the few factual allegations in the complaint, it is unclear what constitutional violations Mr. Oluma alleges. It seems Mr. Oluma is alleging the Texas custody orders are void and, as a result, their enforcement (including in criminal prosecutions) violates his constitutional rights.

[41] *Cf. Johnson*, 226 F.3d at 1111 (holding constitutional claim alleging Utah's adoption statute unconstitutionally denied the plaintiff notice and an opportunity to be heard did not fall under domestic relations exception because the "claim did not require the district court to make a child custody determination"), *as amended on denial of reh'g and reh'g en banc* (Oct. 12, 2000).

[42] *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).

ability to perform their judicial functions."[43]  These categories, known as the *Sprint* categories, define *Younger*'s scope.[44]

In his complaint, Mr. Oluma challenges state criminal and child custody proceedings, both of which fall into the *Sprint* categories and satisfy the three *Younger* conditions.  The state criminal proceedings fall into the first *Sprint* category.  They appear ongoing[45] and they implicate the state's important interest of addressing crime.[46]  No facts have been alleged supporting a finding that the state courts are inadequate forums in which to litigate federal constitutional issues (whatever those issues may be in this case).[47]  Accordingly, the court must abstain from exercising jurisdiction over Mr. Oluma's claims challenging ongoing state criminal proceedings.

---

[43] *Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989)).

[44] *See Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (explaining "the possibility of *Younger* abstention is triggered *only when* the state proceedings" fall into one of the *Sprint* categories (emphasis original)).

[45] (Compl. 5, Doc. No. 1.)  Mr. Oluma alleges Texas and Utah prosecutors "have pursued criminal charges" against him based on the Texas custody orders and he seeks dismissal of all criminal charges.  (*Id.*)  The complaint itself does not specify the criminal proceedings, but a separate filing identifies three criminal cases for interference with child custody pending in Utah, Texas, and Minnesota.  (Mot. for Declaratory Judgment, Doc. No. 7 at 8–9.)

[46] The Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45).

[47] *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) ("Unless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court." (citation

The same is true for Mr. Oluma's claims challenging the Texas child-custody proceedings. Those claims fall within the third *Sprint* category—"civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."[48] This category includes orders and processes "at the core of the administration of a State's judicial system," through which the state "vindicates the regular operation of its judicial system."[49] Mr. Oluma claims the August 2022 Texas custody orders, and all subsequent custody orders, are void and violate his constitutional rights. He seeks an order enjoining their enforcement and restoring the Utah custody order giving him primary custody of the child. As this relief requires altering and/or eliminating the enforcement of state court custody orders—which would interfere with the state court's ability to conduct proceedings and resolve current and future custody disputes—Mr. Oluma's case falls within the third *Sprint* category.[50]

---

modified)); *see also* 17B *Wright & Miller's Federal Practice & Procedure* § 4252 (3d ed. 2025) ("The burden is on the federal plaintiff to show that state procedural law bars presentation of his claims[.]" (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987))).

[48] *Sprint*, 571 U.S. at 73.

[49] *See Juidice v. Vail*, 430 U.S. 327, 335 (1977) (holding *Younger* abstention applied to a state court contempt proceeding in a suit between private parties because contempt enforcement "stands in aid of the authority of the judicial system, so that its orders and judgments are not rendered nugatory"); *see also Pennzoil*, 481 U.S. at 13–14 (holding *Younger* applied where federal suit challenges "the processes by which the State compels compliance with the judgments of its courts").

[50] *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."). The Tenth Circuit recently rejected application of *Younger* in a

Accordingly, the court must abstain from exercising jurisdiction if the state custody proceedings are ongoing, they implicate an important state interest, and they offer an adequate opportunity to litigate federal constitutional issues. Mr. Oluma's claims all stem from the Texas custody proceedings, which were ongoing when he filed his complaint in February 2025.[51] At that time, the proceedings were on appeal in the Texas state courts.[52] Whether Mr. Oluma timely appealed further is unclear.[53] But the nature of child custody proceedings is fluid and ongoing.[54] And Mr. Oluma seeks to

---

related context—a Colorado domestic relations case regarding the parties' marriage dissolution and parenting of their children. *See Covington v. Humphries*, No. 24-1158, 2025 U.S. App. LEXIS 12172, at *1–2 (10th Cir. May 19, 2025) (unpublished). There, the court held a state court order addressing "a parenting time dispute and evidentiary issues" about the defendant's alleged child abuse did not lie "at the core of the administration of the State's judicial system," did not "implicate the state's contempt process . . . or other processes by which the State compels compliance with the judgments of its courts," did not "ensure that state courts can perform their functions," and did not "concern the state court's ability to enforce compliance with judgments already made." *Id.* at *13. The court specifically noted, though, that *Younger* could still apply to some state court domestic relations cases, so long as the specific "circumstances fall into a *Sprint* category." *Id.* at *13 n.10. Here, Mr. Oluma seeks to overturn and enjoin the August 2022 Texas custody order and all subsequent custody orders. His requests for declaratory and injunctive relief go directly to the mechanisms through which the state court enforces compliance with its orders and judgments in child-custody proceedings.

[51] (Compl., Doc. No. 1.)

[52] *See Oluma v. Cervantes*, No. 14-24-00339-CV, 2025 Tex. App. LEXIS 3100, at *38–39 (Tex. App. May 6, 2025) (affirming child custody decree among other issues).

[53] *See Bear v. Patton*, 451 F.3d 639 (10th Cir. 2006) ("[I]f a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended.").

[54] *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 621–28 (E.D. Penn. 2014) (addressing child custody proceedings in Pennsylvania and noting the unique fluid nature of child

overturn and enjoin all Texas state custody determinations, impacting the state court's ability to conduct proceedings.[55] Further, child custody proceedings implicate important matters of state interest,[56] and there is no indication the Texas courts provide an inadequate forum for Mr. Oluma to claim constitutional violations.[57] As each *Younger* condition is met, this court must abstain from exercising jurisdiction and the complaint is subject to dismissal.

   C. <u>Application of 42 U.S.C. § 1983</u>

Finally, Mr. Oluma seeks "damages for constitutional violations," citing 42 U.S.C. § 1983 and the Fourteenth Amendment as a basis for his claims.[58] However, Mr. Oluma either fails to state a § 1983 claim against the defendants he names in this

---

custody proceedings); *cf. Taylor v. Sedgwick Cnty. Bd. of Comm'rs*, No. 18-2674, 2019 U.S. Dist. LEXIS 168912, at *15 (D. Kan. Sept. 30, 2019) (unpublished) (explaining a child support case is ongoing until the children reach majority); *see also J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (holding that continuing state court jurisdiction to modify child custody constitutes an ongoing state proceeding).

[55] *See Joseph A. v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs *whenever* the requested relief would *interfere* with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." (emphasis added)).

[56] *See Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007) (unpublished) (applying *Younger* abstention doctrine to lawsuit arising from ongoing custody proceedings which implicate important state interests); *Williams v. Jewell*, 107 F.3d 881 (Table), 1997 U.S. App. LEXIS 4068, at *5 (10th Cir. 1997) (unpublished) ("It is undisputed that issues involving family relations pose questions of important state interest."); *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996) ("The state . . . obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interests of the child and the family relationship.").

[57] *See Winn*, 945 F.3d at 1258.

[58] (Compl. 5, Doc. No. 1.)

action, or they are immune from liability under § 1983.  Section 1983 provides a recovery mechanism for violations of federal rights in certain circumstances.[59]  "To establish a cause of action under [§] 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[60]

First, Ms. Oluma-Cervantes, as a private party, is not subject to suit under § 1983—Mr. Oluma has not alleged she was acting under color of state law.[61]  Next, the State of Texas and the Texas court (an any entity acting as an arm of the state) are immune from liability under § 1983 pursuant to the Eleventh Amendment.[62]  The Eleventh Amendment prohibits suits against a state, unless the state waives its sovereign immunity or Congress abrogates it through legislation, neither of which has occurred here.[63]  Judge Bell, who issued the August 29, 2022 Texas custody orders

---

[59] *See* 42 U.S.C. § 1983; *see also Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (describing § 1983 generally).

[60] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[61] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)).

[62] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1559 (10th Cir. 1992) ("Eleventh Amendment immunity extends to state agencies that act as arms of the state."); *see also* 13 *Wright & Miller's Federal Practice & Procedure* § 3524.2 (3d ed. 2025) ("As a general matter, state courts are considered arms of the state.").

[63] *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by [its] own citizens as well as citizens of another State."); *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding Congress did not abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C.

and who Mr. Oluma appears to sue in his official capacity,[64] is also immune—§ 1983 claims asserted against state officers in their official capacities for monetary and declaratory relief are claims against the state barred by the Eleventh Amendment.[65] In addition, Mr. Oluma has not asserted a § 1983 claim against the municipal defendants.[66] Where he fails to allege any official policy or custom giving rise to a constitutional injury, the municipal defendants cannot be held liable. Local governments may only be liable under § 1983 for execution of a policy or custom—not for individual actions of employees or agents.[67]

---

§ 1983); *Cox v. Texas*, 354 F. App'x 901, 903 (5th Cir. 2009) (per curiam) (unpublished) (explaining that because Texas did not waive its Eleventh Amendment immunity, the plaintiff's state law and § 1983 claims were barred). To the extent Mr. Oluma seeks to sue an arm of Utah, Utah has not waived its sovereign immunity. *See Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) (explaining in § 1983 action that "Utah has not waived its Eleventh Amendment immunity by statute").

[64] (Compl. 1, Doc. No. 1.)

[65] *See Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 66; *see also Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995) ("The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past."). Judge Bell also has absolute immunity from personal monetary liability for actions taken in his judicial capacity, like those apparently at issue here. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Guttman v. Khalsa*, 446 F.3d 1027, 1033–34 (10th Cir. 2006) ("Only accusations that a judge was not acting in h[er] judicial capacity or that [s]he acted in the complete absence of all jurisdiction can overcome absolute immunity.").

[66] As noted above, Mr. Oluma names the following municipal defendants: the Fort Bend County Prosecutor's Office and Sheriff's Department, the Fulshear Texas Police Department, the Utah County Prosecutor's Office, Utah Child Protective Services, and the Orem Police Department.

[67] *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees

\* \* \*

For all these reasons, Mr. Oluma's complaint is subject to dismissal.[68] Nevertheless, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[69] Accordingly, Mr. Oluma will be given an opportunity to amend his complaint.

## CONCLUSION

1. Mr. Oluma may file an amended complaint by **October 30, 2025**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Oluma is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[70]

---

or agents." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978))); *see also id.* ("The government as an entity may only be held liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." (citation modified)).

[68] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[69] *Kay*, 500 F.3d at 1217 (citation modified).

[70] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citation modified)).

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[71]

4. Failure to file an amended complaint may result in dismissal of this action.

DATED this 29th day of September, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[71] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202024.pdf [https://perma.cc/CSX4-8M5T].